**FILED**

**January 12, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert R.,**
**Defendant Below, Petitioner**

**vs.) No. 21-0379** (Mineral County 20-C-50)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Robert R.[1] appeals the May 6, 2021, order of the Circuit Court of Mineral County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, petitioner was indicted on fifty-six counts of various sexual offenses alleged to have been perpetrated against four separate minors. Prior to trial, twenty-one counts of the indictment were dismissed. At trial, the jury convicted petitioner of thirty sexual offenses, but it was unable to reach a verdict on the remaining five. The circuit court subsequently sentenced

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

petitioner to an aggregate term of 125 to 295 years of incarceration. Petitioner filed an appeal in *State v. Robert Scott R., Jr.* ("*Robert R. I*"), 233 W. Va. 12, 754 S.E.2d 588 (2014), and this Court affirmed his convictions. *Id.* at 27, 754 S.E.2d at 603.

On September 15, 2014, petitioner filed a petition for a writ of habeas corpus. Habeas counsel was appointed, who filed an amended petition raising prejudicial pretrial publicity, ineffective assistance of counsel, constitutional errors in evidentiary rulings, and the presence of a tainted juror on the jury as grounds for relief. Petitioner "waive[d] all other potential Losh grounds, as indicated by . . . [p]etitioner's initials and signatures on the Losh [l]ist to be filed contemporaneously" with the amended petition.[2] Relevant here, on the *Losh* list, petitioner waived grounds 50 and 51: severer sentence than expected and excessive sentence. Petitioner certified that habeas counsel advised him that he "should raise each and every ground which I feel may entitle me to habeas corpus relief" and "any grounds not raised are waived by me and may not be raised in [s]tate [c]ourt," and that "I do not wish to raise any of the grounds initialed and dated above, and knowingly waive them." In the certification submitted by habeas counsel, counsel stated that "[p]etitioner, after consulting with counsel, desires to raise none of the grounds so checked and to [the] best of counsel's knowledge, knowingly, intelligently, and voluntarily waives said grounds for the purpose of this proceeding and all future state habeas corpus proceedings."

Following an omnibus hearing, the habeas court entered an order denying the amended petition. Petitioner appealed the habeas court's order in *Robert R. v. Terry* ("*Robert R. II*"), No. 16-1121, 2018 WL 317313 (W. Va. Jan. 8, 2018) (memorandum decision), arguing that the habeas court erred in denying his claim of ineffective assistance of trial counsel and that he was prejudiced by cumulative trial error. *Id.* at *2. This Court in *Robert R. II* rejected petitioner's assignments of error and affirmed the denial of habeas relief. *Id.* at *2-4.

On October 26, 2020, petitioner filed the instant petition alleging that habeas counsel provided ineffective assistance in the first proceeding. Petitioner stated his claim in a single paragraph:

> Petitioner's [h]abeas [c]orpus counsel was constitutionally defective for failing to present a disproportionate/excessive sentence claim. Petitioner's sentence is egregiously disproportionate and should shock the con[s]cience of the judiciary. Other circuit courts have sentenced people to less for similar and for worse offenses. Counsel was also constitutionally defective for failing to preserve colorable claims for relief on appeal. AEDPA requires that claims for relief are exhausted in the [s]tate [s]urpeme [c]ourt before they can be presented to the federal

---

[2]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* list, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

courts.[3] Habeas counsel failed to present many of [p]etitioner's claims on appeal to the [West Virginia Supreme Court of Appeals], thus denying the [p]etitioner the ability to raise these claims in federal court. Note that [p]etitioner's AEDPA time is still active because, up until recently, [p]etitioner's [m]otion for [r]eduction of [s]entence was still pending in this [c]ourt. Had habeas counsel presented the disproportionate sentence claim to this court, the [p]etitioner would have been resentenced to a lesser sentence. Additionally[,] had habeas counsel properly prosecuted [p]etitioner's appeal, he would be able to assert all viable claims for relief in the federal courts. Petitioner requests a hearing and the appointment of counsel to further present and litigate these issues.

(emphasis omitted) (footnote added).

By order entered on May 6, 2021, the habeas court denied the instant petition, finding that counsel was not ineffective in the first proceeding. The habeas court found that, while petitioner was "claiming that his habeas counsel was defective," petitioner did not raise a disproportionate sentence claim "in his prior habeas petition" and "waived the issue." The habeas court further found that the assertion of a disproportionate sentence claim would not be meritorious because, based upon petitioner's "sex offender evaluation at the time of sentencing," he "is at an elevated risk to reoffend should he be returned to the community." The habeas court determined that the trial court "took that factor and all other permissible factors into consideration when sentencing [petitioner]."

Petitioner now appeals the habeas court's May 6, 2021, order. This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18

---

[3]Petitioner refers to the Antiterrorism and Effective Death Penalty Act of 1996, which "was signed into law on April 24, 1996[.]" *Dement v. Pszczolkowski*, 859 S.E.2d 732, 744 n.15 (W. Va. 2021) (internal quotations and citations omitted).

(2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Because we have before us the denial of petitioner's *second* habeas petition, we consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following ground[ ]: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

On appeal, petitioner argues that the habeas court failed to make findings with regard to habeas counsel's alleged failure to raise certain claims on appeal in *Robert R. II*. "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997).[4] Respondent argues that the habeas court was not required to make findings regarding a claim that was not properly before it due to the inadequacy of the instant petition. Specifically, respondent argues that the instant petition failed to identify those claims that petitioner contends habeas counsel failed to raise in *Robert R. II*. Based upon our review of the instant petition, we agree with respondent's position and note that this Court has stated that "a petition for a writ of habeas corpus filed pro se must specifically state in detail the underlying facts that support the claim." *Losh*, 166 W. Va. at 612, 277 S.E.2d at 771 (finding that an assertion of a claim "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing").

Petitioner further argues that the habeas court erred in denying the instant petition without a hearing and appointment of counsel. The habeas court denied the petition, rejecting the claim that habeas counsel was ineffective in failing to raise a disproportionate sentence claim based on findings that the claim was waived in the first proceeding and that it was also without merit.

---

[4]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . . , the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia imposes a similar requirement for findings of fact and conclusions of law.

With regard to the habeas court's finding of waiver, petitioner does not dispute the statements set forth in the amended petition and the *Losh* list where he waived all grounds not raised therein, including grounds 50 and 51 (severer sentence than expected and excessive sentence). Furthermore, even if petitioner disputed that he waived the disproportionate sentence claim in the first proceeding, he could not rely upon the omnibus hearing transcript to contradict the waiver indicated by his initials and signature on the *Losh* list because the transcript is not included in petitioner's appendix. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (finding that this Court must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim"). Therefore, based on our review of the record before us, we concur with the habeas court's finding that the disproportionate sentence claim was waived in the first proceeding.[5]

In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held that:

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Pursuant to this *Strickland/Miller* test, we find that habeas counsel's performance was not deficient for failing to raise a claim that petitioner waived. Therefore, we conclude that the habeas court did not abuse its discretion in denying the instant petition.

For the foregoing reasons, we affirm the circuit court's May 6, 2021, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED: January 12, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[5]Due to our determination that the habeas court properly found that petitioner waived the disproportionate sentence claim, we do not address its alternate finding that the claim was without merit.